ALLEN *against* WATSON.

THIS was an action of debt, on a bond in the penalty of 500 dollars, dated the 17th of *October*, 1817, payable on demand to the plaintiff, and conditioned for the performance of the award of three persons therein named, or of any two of them, of all matters in controversy between the parties, and of the costs of all suits commenced, or depending between them, and the costs of the arbitration, so as the award should be made by the arbitrators, or any two of them, in writing, and under seal, ready to be delivered to the parties, on or before the first day of *January* next ensuing, the date of the bond. The defendant, after oyer of the bond and condition, pleaded *no award*. The plaintiff replied, reciting an award made on the 17th of *December*, 1817, by which it was awarded, that all suits between the parties should cease, that each should pay his own costs in those suits, that the defendant should pay to the plaintiff 97 dollars and 40 cents, that mutual releases should be executed, &c. ; and the breach assigned is the non-payment of the money awarded by the arbitrators. The defendant rejoined, that after the making of the bond, and before the award was made, or the time for making it had expired, he did, " by a certain writing, obligatory, sealed, &c. revoke and disannul the said bond, or writing obligatory, executed and delivered by him, the said defendant, to the plaintiff, and all and singular, the powers given and granted by him, in and by the said bond, or writing obligatory, to the said arbitrators, and this he is ready to verify : wherefore, he prays, &c."

To this rejoineder there was a general demurrer, and the defendant joined in demurrer.

*Ostrander*, in support of the demurrer. · 1. The defendant might revoke the *submission*, but not the bond.

Where in an action on an arbitration bond, the defendant pleads no award, and the plaintiff replies setting forth an award, a rejoinder that the defendant, previously to the making of the award, had by writing under seal, revoked the power of the arbitrators, is good; and such rejoinder is not a departure from the plea, and is not inconsistent with, but fortifies it, as it shows that the instrument purporting to be an award, was, in fact, no award, the powers of the persons making it having previously been determined.

But where the rejoinder impeaches the award, is is a departure ; for that is an admission of its existence, and is, therefore, inconsistent with the previous denial that there was no award.

It seems unnecessary to state in the rejoinder that notice of the revocation was given, as this is implied in the fact, that the submission was revoked : but, at all events, the objection cannot be taken on general demurrer.

A party to an arbitration bond may, before award made, revoke the power granted to the arbitrators, and they cannot proceed to make an award. The penalty of the bond is thereby forfeited, but it is compulsory on the plaintiff to assign breaches and have his damages assessed, under the 7th section of the act for the amendment of the law. (1 *N. R. L.* 513.)

2. The defendant, in his rejoinder, ought to have averred that *notice* of the instrument of revocation had been given to the party or to the arbitrators before the award. (1 *Chitty Pl.* 320.   2 *Saund.* 62 a. n. 4.)

3. The rejoinder is a *departure* from the plea. (2 *Saund.* 83. n. 1.)

*Foot*, contra.   It would have been no answer to the plaintiff's declaration, if the defendant had, in his plea, pleaded the revocation.   It could not be pleaded until the plaintiff, in his replication, had limited his claim to the amount of the award.

He cited *Bissex* v. *Bissex*, 3 *Burr*, 1729.   *Barlow* v. *Todd*, 3 *Johns. Rep.* 367.   1 *Saund.* 33. n. 1.   *Kyd on Awards*, 300.   *Middleton* v. *Weeks*, *Cro. Jac.* 300.   *House* v. *Launder*, 1 *Lev.* 85.   *Garrett* v. *Weeden*, 1 *Lev.* 133.   1 *Saund.* 326. n. 1.   1 *Saund.* 169.   2 *Saund.* 188. n. 3.   1 *Lev.* 127.   1 *Saund.* 373. a.   2 *Saund.* 83. n. 1.   *Id.* 84. n. 1.   8 *Johns. Rep.* 125.

SPENCER, Ch. J. delivered the opinion of the Court.

The points are, 1. Whether the rejoinder is a departure from the plea, and, therefore, vicious ; 2. Whether, and how far, the defendant could revoke the authority given to the arbitrators by the bond ; and, 3. Whether notice of the revocation should not have been averred.

A departure in pleading is, where one defence is abandoned or departed from, which was first made, and recourse is had to another ; and when the second plea contradicts the first plea, and does not contain matter pursuant to it, going to support and fortify it.   The principal reason which has conduced to the disallowance of a departure in pleading, is to avoid endless prolixity ; and it has been well observed, that he who has a bad cause would never be brought to issue, if a departure in pleading were allowed, and he who has a good cause would never obtain the end of his suit.

Thus, in *Barlow* v. *Todd*, (3 *Johns. Rep.* 367.) in debt on an arbitration bond, the defendant pleaded no award ; the plaintiff replied setting forth an award ; the defendant rejoined impeaching the award, because the arbitrators had

not made an award touching one of the items of the plaintiff's claim, which was submitted to the arbitrators; and on demurrer, this Court held the rejoinder to be a departure, in first pleading no award, and then admitting it; and we said it was an established principle, that a rejoinder must maintain the plea, and cannot set forth any matter at variance with it. We also expressed a decided opinion, that the matter rejoined would have been inadmissible under any circumstances.

The real point in this case is, whether the rejoinder is at variance with the plea, and inconsistent with the allegation that the arbitrators made no award. If it is, then, beyond all doubt, the rejoinder is vicious; but if it is not, then it is not objectionable as a departure. The rejoinder admits, that in point of fact, the persons chosen as arbitrators, made and published an instrument purporting to be an award, but it asserts that the powers conferred on the arbitrators had been revoked by the defendant prior to the making and publishing it. The argument on the part of the defendant is, that the instrument purporting to be an award, is not so in reality, and that the facts rejoined support the plea, which alleged, that the arbitrators had made no award, by showing that all their powers were at an end by the revocation, and that, therefore, their decision was unauthorized, and does not operate as an award under the bond of submission.

The case of *Fisher* v. *Pimbley*, (11 *East*, 187.) bears strongly on this case, and justifies the rejoinder. That was an action of debt, on a bond conditioned to perform an award; plea, no award; replication, stating an award and setting forth a breach; rejoinder, stating the whole award, in which were recited the bonds of submission, whereby it appeared that the award was not warranted by the submission; demurrer to the rejoinder: and it was decided, unanimously, by the court, that the rejoinder was not inconsistent with, nor a departure from, the plea.

Lord *Ellenborough* proceeded to show that the award was clearly bad, and being so, he said the only question was, whether the defendant could show such award in his rejoinder, consistently with his former allegation in his plea that there was no award: he held, that the defendant main-

NEW-YORK, tained his former allegation that there was no award; in
May, 1819. other words, (he observes,) that there was no legal and valid
ALLEN award under the submission, which is the same as no award;
v. and *Le Blanc* and *Bayley*, Justices, fully assented to this
WATSON. reasoning, on the ground that the rejoinder showed that there
was no award conformable to the submission, and, therefore,
no award.

It is true, there are several decisions which seem to have
a different aspect, as 1 *Lev.* 85. 245. 1 *Wils.* 122. 2
*Saund.* 84. b. & c. and 188.; and the case of *Praed* v. *The*
*Dutchess of Cumberland,* (4 *Term Rep.* 585.) certainly
adopts the contrary doctrine. There an action of debt was
brought on an annuity bond; the defendant pleaded no such
memorial as the statute required; replication, that there was
a memorial, setting it out; rejoinder, that the consideration
was untruly alleged by the memorial to be paid to both obli-
gors, and that one of them received no part of it; demurrer
thereto. The court held the rejoinder to be a departure,
on the ground that the plea tendered an issue of fact, and
not in law. *Buller,* Justice, said, in the case of an award,
if there be an award in fact, the party cannot, on the trial of
an issue of no award, go into objections to the award, in
point of law. A writ of error was brought. on this judgment,
to the Exchequer Chamber, (2 *Hen. Black.* 280.) and the
judgment was affirmed, on the ground that the rejoinder
was bad in substance, the court declining to discuss the
question of departure, and expressly saying, that they gave
no opinion upon it.

I confess, that until I examined the case of *Fisher* and
*Pimbley,* my impressions were, that the rejoinder was a de-
parture; but I cannot resist the solid reasoning of the
judges in that case, that a void award is no award, and that
it is not inconsistent to say, that there is no award, and after-
wards point out, in a subsequent pleading, facts which con-
clusively show that what is alleged to be an award, is not an
award. Here the revocation of the powers of the arbitra-
tors stripped them of all pretence of authority to act as
such; and, in the strictest truth, the instrument to which
they put their hands and seals, was no award under the
submission, for the submission itself was at an end. None

of the cases cited come up to this.   The rejoinders <span style="float:right">NEW-YORK, May, 1819.</span> which have been held to be departures, do not controvert the power of the arbitrators, but go to impeach the awards for some extrinsic causes; such as not making the award of, and upon the premises submitted, or a refusal to consider and award upon some of the matters submitted; but here the objection strikes at the validity of the award itself, by showing a total absence of power in the persons assuming to make it: and I cannot but consider the Court of *Exchequer Chamber* declining to decide the question of departure in pleading, as evidence of doubt and hesitation on the point.

ALLEN v. WATSON.

There can be no doubt that the defendant could revoke the powers conferred by the arbitration bond.   The consequence was a forfeiture of the penalty.   The 7th section of the act for the amendment of the law, (1 *N. R. L.* 518.) provides, that in all actions upon any bond with any condition other than for the payment of money, the plaintiff shall assign as many breaches as he may think fit, and the jury shall assess damages for such of the breaches assigned as the plaintiff shall prove.

This court has decided, in various cases, (4 *Johns. Rep.* 214. 189.   2 *Caines'* 329.   2 *Johns. Cas.* 406.) that the statute has rendered it compulsory in the plaintiff to assign breaches, and have his damages assessed; and this is the settled doctrine in the *English* courts. (2 *Saund.* 187. note 2.) It was decided, (5 *Term Rep.* 538—540. 636.) after great consideration, that the statute was compulsory, and, therefore, in all cases within its provisions, the plaintiff must assign breaches on the record.   We have decided, in two cases which have not been reported, that where a submission to arbitration has been revoked, the penalty was forfeited; but that the plaintiff could recover no more than the actual damages sustained, and that they must be assessed by a jury upon the assignment of breaches on the record. The manifest object of the statute was to prevent the necessity of resorting to a court of equity, to be relieved from the forfeiture.   It is a salutary enactment, and must be enforced.

The breach assigned in this case is the non-payment of

VOL. XVI.            27

the money awarded, and if the award itself is bad, the breach falls to the ground with it.

The remaining objection is, that the rejoinder does not state any notice of the revocation of the bond of submission. This is necessarily implied in the fact, that it was revoked prior to the making the award, for, unless notice had been given to the arbitrators, the deed alone would not have amounted to a revocation. At all events, it was cause only of special demurrer.

Judgment for the defendant, with leave to the plaintiff to amend, on payment of costs.