Battle, J.
 

 It is now well established, as a broad conservative principle, that no executory contract, the consideration of which is
 
 contra bonos mores,
 
 or against the public policy, or the laws of the State, can be enforced in a Court of justice.
 
 Blythe
 
 v. Lovingood, 2 Ire. Rep. 20 ;
 
 Ingram
 
 v.
 
 Ingram,
 
 ante 188, decided at this term. It is manifest that contracts founded upon agreements to compound felonies or to stifle public prosecutions of any kind, come within the range of this salutary principle. The counsel for the plaintiff admit this, but they contend that it does not apply to the present case, for they insist that no offence was proved to have been committed, and no prosecution commenced, and that, therefore, there was nothing to be compounded or stifled as the consideration for the defendant’s contract. They contend further, that such being the case, the defendants cannot avoid their bond at law, even supposing the testimony of their witnesses to be true; because the alleged fraud was in the
 
 consideration
 
 and not in the
 
 factum
 
 of the instrument. See
 
 Gwynn
 
 v.
 
 Hodge,
 
 ante 168.
 

 The counsel for the defendants, in reply, say there was evidence that a forgery had been committed, derived from the plaintiff’s own declaration, sufficient to satisfy the mind of the defendant Qualls that such was the fact, and to induce her to procure the other defendant to join her in the execution of the bond in question. Of this opinion was the presiding Judge, and we, after much hesitation, have come to the conclusion that he was right. If a public prosecution were commenced, a bond given to prevent its being carried on would undoubtedly be void, though it might be afterwards proved that it was frivolous, or even malicious. So, if an of-
 
 *225
 
 fence were, in fact, committed, a bond given to suppress any enquiry about it, would be equally void. The law, in these cases, would not interpose its relief with a view to favor the defendant, for he,
 
 asjparticeps criminis,
 
 is entitled to no favor; but it is necessary that it should so interpose to' prevent the criminal justice of the country from being-obstructed or perverted. It is difficult, if not impossible, to distinguish the principle of the case before us from those we have just stated. The motive by which, and object for which, the principal defendant executed the bond to the plaintiff, was to prevent him from prosecuting her son-in-law for forgery. His declarations to her had made that, and" that only, the consideration for her contract. Was it a legal consideration? That will not be pretended. If the declarations of the plaintiff were false, that would not alter the motive, inducement, or consideration of the- contract, with respect to its illegality. It would only give it the additional quality of fraud; and it would be extraordinary, indeed, if the two combined should have less effect in nullifying the contract at -law than would be conceded to the first, if it stood alone. Another singular result would follow from such, a doctrine. If the consideration of the bond were
 
 illegal
 
 alone-, because immoral, the defendant would have a defence at law. If it were
 
 fraudulent
 
 alone, she could obtain relief in Equity; but if both
 
 illegal and fraudulent,
 
 she would be without redress in any court. "We cannot adopta course of argument which leads to such a conclusion. The language of Lord MaNsfield, in
 
 Holman
 
 v.
 
 Johnson,
 
 1 Cow. Rep. 343, is so apposite to our case that we will close this opinion with an extract fromfit: “The objection'that a contract is immoral or illegal, as between plaintiff and defendant, sounded, at all times, very ill in the mouth of the defendant. It is not for his sake, however, that the objection is ever allowed, but- it is founded upon general principles of policy, which the defendant has the advantage of, contrary to the real justice as between' him and the plaintiff, by accident, if I may say so. The principle of public policy is
 
 this
 
 — ex
 
 dolo malo non oritivr actio.
 
 No court will lend its aid to
 
 *226
 
 a man who founds his cause of action upon an immoral or illegal act. If, from the plaintiff’s own stating, or otherwise, the action appears to arise
 
 ex txvrpi causa,
 
 or the transgression of a positive law of the country, then, the Court says, he has no right to be assisted. It is upon this ground the Court goes ; not for the sake of the defendant, but because they will not lend their aid to such a plaintiff.”
 

 Pee Cueiam. Judgment affirmed.