FREDERICK O. WALLIS *vs.* REUBEN CARPENTER & another.

An agreement, under seal, of submission to arbitration provided that either party who should fail to perform the award should forfeit to the other a certain sum, and that each party should get a surety for the faithful payment thereof. By a separate agreement not under seal, but on the same paper and made on the same day, another person guaranteed the performance of the award, on the part of one of the parties, and the payment of the penalty, in case he should refuse to perform the same. *Held*, that the principal and guarantor could not be sued in one action, under Gen. Sts. *c.* 129, § 4.

A submission, under seal, to arbitration, can only be revoked by an instrument under seal.

Simply proving that an arbitrator was a creditor of one of the parties is not sufficient to invalidate his award.

If two persons who have been partners together submit to arbitration all matters between them, and after the commencement of the hearing they and another person with whom they had formed a partnership for transacting a portion of their business submit to the same arbitrators all partnership matters remaining unsettled between them, and under the second submission an award is made fixing a sum as due from the two original partners to such third person, the arbitrators may take such award into consideration in determining the matters in controversy between the original partners, and may award that one of them shall pay the amount thereof to such third person.

An agreement of submission to arbitration provided that either party who should fail to perform the award should "forfeit to the other party the sum of fifteen hundred dollars as liquidated damages." By a separate agreement, another person guaranteed the performance of the award, on the part of one of the parties, and agreed to "pay the penalty of fifteen hundred dollars," in case he should refuse to perform the same. *Held*, that the sum of fifteen hundred dollars was to be treated as a penalty, in each agreement, and not as liquidated damages.

CONTRACT brought against Reuben Carpenter and Simon Carpenter.

The first count in the declaration alleged that Reuben Car-penter and the plaintiff, by their agreement in writing, a copy of which was annexed, submitted certain matters to arbitration, and the arbitrators made an award, a copy whereof was annexed, and the said Reuben had refused to perform the same.

The second count set forth the same submission to arbitration, and award, and refusal to perform, and also alleged that Simon Carpenter, by an agreement in writing, a copy of which was annexed, guaranteed the performance of said award by said Reuben, and that he had refused to perform his said agreement.

The submission by the plaintiff and Reuben Carpenter was under seal, dated June 1st 1864, and recited that a controversy had arisen between them " in regard to a settlement of al

claims and demands between them, and now, for the purpose of coming to a full, speedy and final settlement of all matters be-tween said parties, they have unitedly agreed to refer the same to the determination and award of" three persons who were named, "the award of whom, or the greater part of whom, to be final and binding upon the parties." "And said parties mu-tually agree to abide by and keep and perform the award and determination of said referees, and if either shall neglect or re-fuse to perform, abide by and keep the award of said referees, the party so refusing or neglecting shall forfeit to the other party the sum of fifteen hundred dollars as liquidated damages, and the parties are each to get a good and sufficient surety for the faithful payment of the payment above mentioned." There was no provision in the above submission for a return of the award to court.

Simon Carpenter signed a separate agreement on the same paper, on the same day, though not under seal, as follows: "In consideration of one dollar to me paid, the receipt whereof I do hereby acknowledge, and I do guaranty the performance of the award which said referees may make, on the part of said Reu-ben Carpenter, and pay the penalty of fifteen hundred dollars, in case said Reuben Carpenter refuses to perform said award."

At the trial in the superior court, before *Morton,* J., it ap-peared that Reuben Carpenter and Wallis were in partnership, and for the purpose of transacting a portion of their business formed a partnership with Horace Drury. After the hearing had commenced and proceeded for several days, under the sub-mission above set forth, Reuben Carpenter, Wallis and Drury, whose partnership affairs were also unsettled, submitted the same to the determination of the same arbitrators, who there-upon immediately heard the same and made an award that Drury recover of Carpenter & Wallis the sum of $497.62. The hearing under the original submission thereupon proceeded, and on the 29th of July, before the hearing was finished, Reuben Carpenter presented to the arbitrators a protest in writing, though not under seal, against any further proceedings by them, as he had heard that one of them was a creditor of Wallis.

The award recited that the arbitrators, having continued in session from the 9th of June till the 16th of August, awarded and determined that Wallis should recover of Reuben Carpenter the sum of $324.72, and also recover " for his own use and benefit all that is due said Carpenter & Wallis from Samuel Thayer, A. B. Cook and E. White, at his own cost, which is to be in full payment of all claims upon said Carpenter, and full for his share of all copartnership property, dues and demands ; " and further that " Reuben Carpenter pay to Horace Drury $497.62 in full payment for what is due said Drury from said Carpenter & Wallis, as awarded by us ; to Emerson Johnson $300 ; and to the Oxford Bank a note of $600, bearing date February 22d 1864, and save said Wallis free and harmless," &c. ; " and the said Carpenter shall have the right to collect for his own use and benefit all debts due said Carpenter & Wallis from " certain persons, who were named ; " and that said Carpenter and Wallis shall each have the right to use the other's name in collecting said debts, and said Carpenter shall have for his own use all wood lying on " a certain lot, and Wallis shall " pay whatever may be due for United States revenue tax."

The defendants objected that they were improperly joined as defendants in one action ; but the judge overruled the objection.

They further contended that the submission to arbitration was revoked by the writing presented to the arbitrators on the 29th of July ; but the judge ruled otherwise.

They then introduced evidence to prove that one of the arbitrators was a creditor of the plaintiff, at the time of the submission and award ; and contended that on this account, the fact not being known to the defendants at the time, the award was invalid ; but the judge instructed the jury, upon this point, that this fact, if proved, could not affect the award, unless the arbitrator was influenced by that fact to make a more favorable award than he otherwise would have done ; or, in other words, unless he acted corruptly.

The defendants then asked for the following instructions, which the judge declined to give : 1. That the contract of submission in this case submitted only the claims and demands in

the copartnership of Carpenter & Wallis. 2. That it did not authorize the arbitrators to divide personal property and debts, as set forth in the award. 3. That the award is not made in pursuance of the submission, and includes a settlement of the dealings and transactions of the copartnership of Drury, Carpenter & Wallis, and a previous award not originally submitted, and therefore the award is rendered invalid; but, if the award is not wholly invalid for the reasons above set forth, it is as to Simon Carpenter. 4. It is invalid as against Simon Carpenter by varying his liability. 5. That the submission and award in the case of Carpenter, Drury and Wallis are to be taken into consideration in determining the validity of the award in question, and as the award is invalid for legal cause, and is included in the award in suit, such award is invalid. 6. That the award in the second submission is invalid because it is not final and conclusive between the parties, and does not settle the claims submitted, and reserves to the arbitrators further power and authority in settling the matters submitted. 7. That the guaranty is ambiguous and uncertain in its terms, and therefore not binding upon Simon Carpenter.

It was not contended on the part of the plaintiff that he had paid any of the partnership debts named in the award, which by said award the said Reuben Carpenter was to pay, and there was no evidence whether or not said debts had been paid, but it did appear that Reuben Carpenter had collected and received some portion of the debts due to the copartnership, which had been awarded to him by the arbitrators.

The defendants contended that, if they were liable in the action, it was only for the sum of $324.72 and interest thereon, being the amount awarded to be paid by said Reuben Carpenter to said Wallis. But the judge instructed the jury that, if they found a verdict for the plaintiff, it should be for $1500 and interest, with the understanding that, if the plaintiff was not entitled to a verdict for that sum, it might be amended, if the defendants were not entitled to a new trial for any other cause.

The jury returned a verdict for the plaintiff accordingly, and the defendants alleged exceptions.

*F. H. Dewey & A. J. Bartholomew,* for the defendants. The defendants were improperly joined in this action. 1 Chit. Pl. (6th Amer. ed.) 34. *Slater* v. *Magraw,* 12 Gill & J. 265. Gen. Sts. *c.* 129, § 4. The submission to arbitration was revoked. *Milne* v. *Gratrix,* 7 East, 608. A creditor of one of the parties to a submission is not a disinterested person, so as to be a proper arbitrator. Arbitrators should be absolutely impartial. *Strong* v. *Strong,* 9 Cush. 560. It is not a question of corruption, as it was submitted to the jury. It is a question whether the arbitrator was disinterested. Any secret interest of an arbitrator in favor of a party will invalidate an award. *Earle* v. *Stocker,* 2 Vern. 251. *Parker* v. *Burroughs,* Colles' Parl. C. 258. *Combs* v. *Wyckoff,* 1 Caines R. 147. Any interest, however small, will incapacitate a magistrate; and should incapacitate an arbitrator. *Pearce* v. *Atwood,* 13 Mass. 340. *Commonwealth* v. *McLane,* 4 Gray, 427.

The submission upon which the award now in suit was made included only matters between Carpenter and Wallis; and not matters with Drury; nor did it authorize the arbitrators to divide personal property and debts, as set forth in the award. The award departs from the submission in embracing a matter in which Drury was interested.

If the defendants are liable, it is only for the sum of $324.72, and interest. The sum of $1500 is to be regarded as a penalty. *Shute* v. *Taylor,* 5 Met. 67.

*P. E. Aldrich & G. F. Verry,* for the plaintiff.

CHAPMAN, J.* The plaintiff declares on two contracts. That which Reuben Carpenter signed is a sealed contract, and that which Simon Carpenter signed is not under seal. Moreover, the terms of the two contracts differ. Reuben Carpenter's con- 'ract binds him and the plaintiff mutually to submit the controversy therein mentioned to the award of certain arbitrators, and contains several stipulations in regard to the hearing. Simon Carpenter's contract omits these stipulations, and is a mere guaranty of performance of the award. It would be a strained

---

* WELLS, J., did not sit in this case.

construction of Gen. Sts. c. 129, § 4, to hold that they authorize the joinder, in one action, of parties to contracts so different in their nature and their terms. The court are of opinion that these defendants are improperly joined, and that the plaintiff must discontinue as to one of them.

But the defendants contend that their submission was revoked, and that therefore neither of them is liable to perform the award. A submission to arbitrators is a power; and it is generally true that a power may be revoked at any time before execution. It has always been held that a submission of this character may be revoked. *Milne* v. *Gratrix*, 7 East, 607. *Green* v. *Pole*, 6 Bing. 443. *Allen* v. *Watson*, 16 Johns. 205. *Frets* v. *Frets*, 1 Cow. 335. But when the submission is under seal, the revocation must also be under seal. *Van Antwerp* v. *Stewart*, 8 Johns. 125. *Brown* v. *Leavitt*, 26 Maine, 251. The same rule applies to it in this respect as to any other power of attorney. In this case the revocation was not under seal, and therefore it was ineffectual.

The defendants also object that one of the arbitrators was a creditor of the plaintiff, and therefore was not impartial. But for aught that appears the debt may have been very inconsiderable; or it may have been well secured; or the plaintiff may be in such circumstances that the decision of this case may not appreciably affect his ability to pay the debt; and therefore there is no established fact which authorizes the suggestion that the existence of the debt creates partiality.

A further objection to the award is made on the alleged ground that the proceedings of the arbitrators were irregular in respect to the submission and award between these parties and Drury. On a careful examination of these proceedings, they appear to be regular and proper. Carpenter and Wallis made their agreement of submission June 1st 1864. Its object was to settle all matters growing out of the partnership which had existed between them. But in the course of the hearing it was found that this could not be done without first settling certain matters of dealing that had taken place between them and Drury. Accordingly, on the 15th of June they and Drury

referred those matters to the same arbitrators, who heard them and made an award which merely settled the balance due from them to Drury. This being done, the arbitrators proceeded to determine which of these parties should pay that balance; and their award, which was made the next August, covers the whole subject. It accomplishes the whole object of the original submission, and nothing more.

The court are of opinion that the plaintiff is not entitled to recover more than the amount of the award, even as against Reuben Carpenter. In his agreement the sum of fifteen hundred dollars is mentioned as liquidated damages. But in *Shute v. Taylor*, 5 Met. 61, the court say, " It is not always the calling of a sum, to be paid for the breach of contract, liquidated damages, which makes it so. In general, it is the tendency and preference of the law to regard a sum, stated to be payable if a contract is not fulfilled, as a penalty, and not as liquidated damages; because then it may be apportioned to the loss actually sustained." See also *Fisk v. Gray*, 11 Allen, 132. In this case the contract of Simon Carpenter calls it " the penalty of fifteen hundred dollars; " so that as to him there is no ground to call it liquidated damages; and in Reuben Carpenter's contract it is stipulated that the party neglecting or refusing to perform the award " shall forfeit to the other party " that sum. Forfeiture is in the nature of penalty; and, looking at both contracts and the object to be secured by them, we think a penalty was intended. It would be extremely harsh to regard it as liquidated damages, because there are a variety of things to be done under the award, especially by the defendants; and it would be difficult to perform all of them without such delay as might be held to amount to negligence.

Upon amending his writ, the plaintiff may have such judgment upon the award as he is entitled to by the principles herein stated.