[JEFFERSON SPECIAL TERM, October 19, 1868. *Mullin*, Justice.]

MILLER, executor, &c., *vs.* THE PRESIDENT, DIRECTORS AND COMPANY OF THE JUNCTION CANAL COMPANY.

The defendant, a corporation formed under and pursuant to chapter 194 of the laws of 1846, (*Laws of* 1846, *p.* 222,) erected a dam across a river, which abutted upon the lands of W., and not being able to obtain by voluntary donation or purchase from him the land and water privileges it required, nor to agree with him as to the compensation to be paid him for the injury caused by the dam, entered into an agreement in writing, with him, by which the parties, pursuant to sections 9 and 10 of said act appointed three persons impartially to estimate and determine the price to be paid by the defendant to W. for the said real estate, and for the injury caused by the dam; the said persons being declared to have all the powers and to be subject to all the duties, in the premises, which in and by said act were conferred and enjoined. The arbitrators met and heard W.'s evidence, but before the cause was finally submitted to them, the defendant served upon them and upon W. notices under seal, revoking the powers of the arbitrators; whereupon they refused to pass upon the matters submitted, or to make any report. *Held* that the act of the defendant in making and serving the notices of revocation was a breach of the agreement to submit; and that those acts having induced the three persons named to refuse to make a report, the executor of W. could recover of the defendant all the damages he had sustained in consequence of such refusal, such as the expenses incurred by him in employing counsel, procuring the attendance of witnesses, &c.

There is no valid objection to regarding persons appointed by parties pursuant to the above statute as arbitrators, although they are not designated in the act either as appraisers, or referees, or arbitrators; and it seems they should be deemed arbitrators, and therefore authorized to hear evidence.

THIS was an action to recover the expenses incurred by the plaintiff's testator, John G. Warren, deceased, pursuant to an alleged submission to arbitration, which

the defendânts revoked before the cause was finally submitted to the alleged arbitrators.

The action was tried before Justice BALCOM without a jury, at the Chemung circuit in September, 1856, when judgment was directed in favor of the plaintiff for $173.94 damages, besides costs. After the entry of judgment in conformity with the decision of the judge, the defendants appealed to the general term of this court.

*Daniel W. Gillett*, for the plaintiff.

*James L. Woods*, for the defendants.

*By the Court*, BALCOM, P. J. The defendants are a corporation, formed under and pursuant to chapter 194 of the laws of 1846. (*Laws of* 1846, *p.* 222.) John G. Warren, now deceased, owned land adjoining the Chemung river, in the county of Chemung, through which the defendants constructed a canal; and they erected a dam across that river that abutted on the lands of Warren; and the latter claimed he was injured by means of the dam. The defendants could not obtain by voluntary donation or purchase from Warren the real estate and water privileges necessary for constructing, maintaining and repairing their canal and works connected therewith; nor could the defendants agree with Warren as to the compensation to be paid him for the injury caused by means of the dam. Warren and the defendants made an agreement in writing under seal, dated the 23d day of June, 1854, which recited the foregoing facts, and provided that the parties, pursuant to sections nine and ten of the above mentioned act of 1846, appointed Mordecai Rickey, Orrin Eddy and John Haggerty, "impartially to estimate and determine the price" to be paid by the defendants to Warren for said real estate; and "impartially to assess and determine the compensation" to be paid by the defendants to Warren, "for the injury caused to him by means of said dam; the

said persons having all the powers, and subject to all the duties in the premises, as in and by said act conferred and enjoined."

Warren employed counsel, subpœnaed witnesses and prepared for the hearing and investigation of the matters in the agreement above mentioned. Rickey, Eddy and Haggerty met and heard the evidence; but before the cause was finally submitted to them, the defendants served upon said three persons, and upon Warren, notices under seal, revoking the powers of said three persons under the submission made to them, dated the 23d day of June, 1854, above described.

After the service of such notices Rickey, Eddy and Haggerty refused to make a report, or to pass upon and determine the matters mentioned in said submission. Warren paid the fees of said persons under said submission, which, with the fees of his witnesses and counsel, amounted to the sum of $173.94, for which the plaintiff recovered in the action.

The defendant moved for a nonsuit, on the trial: "1st. Upon the ground that the paper dated June 23, 1854, was not, and did not amount to an arbitration and submission to arbitration. 2d. Upon the ground that said writing of June 23d was still in force, and the defendants had no power to revoke the powers conferred upon said Eddy, Rickey and Haggerty thereby, and the attempt to do so was a nullity." Which motion was denied, and the defendants' counsel excepted.

The judge directed and ordered judgment for the plaintiff for the sum of $173.94 damages.

The defendants excepted to the decision of the judge as follows: "1. To his decision that the defendants were not entitled to a nonsuit, and denying their motion for judgment of nonsuit. 2d. To his decision that the plaintiff was entitled to recover of the defendants the damages by reason of the matters alleged in the complaint in the

Miller *v.* The President &c. of the Junction Canal Company.

action, and directing and ordering judgment against the defendants in the action."

The holding at the trial, that the plaintiff was entitled to recover, was in conformity with the decision of the general term of this court, made at Delhi, in July, 1856, setting aside the nonsuit that was granted on the first trial of the action.

The point made by the defendants' counsel on this' appeal is, that Rickey, Eddy and Haggerty were not arbitrators, but a mere statutory tribunal, and their powers could not be revoked by one of the parties—that the defendants' notice of revocation was a nullity; and that it was Warren's own folly that he did not proceed with the hearing and obtain a report.

A good answer to this point is that the arbitrators, as I shall call them, refused to proceed and make a report in consequence of the defendants' notices.

The acts of the defendants, in making and serving notices of revocation upon Warren and the arbitrators, were a breach of the agreement to submit the matters in controversy to the decision of the arbitrators. Those acts induced the arbitrators to refuse to make a report.

It is provided by section nine of the act under which the arbitrators were appointed by the parties, "if a majority of the persons appointed by the parties shall not, within thirty days after receiving notice of their appointment, file a report of their estimate in the office of the clerk of the county where the lands lie," then either party may apply to the court for a venire to the sheriff to summon a jury to ascertain and report to the court the price to be paid the claimant for the real estate and water privileges taken by the defendants, and ascertain and report to the court the compensation to be paid the claimant for injuries by means of any dam being erected by the defendants. (*Laws of* 1846, *pp.* 226 *and* 227.)

When the thirty days allowed the arbitrators for filing

their report expired, the defendants acquired the right to apply to the court for a venire and have a jury pass upon the matters mentioned in the submission they had revoked.

Warren sustained the damages recovered by the plaintiff in consequence of the acts of the defendants; which acts were wrongful if the arbitrators could have gone on and made a report, notwithstanding the same. The refusal of the arbitrators to make a report, should be deemed the result of the defendants' acts.

Persons, appointed by parties to make a report pursuant to the act referred to, are not designated in the act as appraisers, or referees or arbitrators. But although they be appraisers or referees, and not arbitrators, I see no valid objection to the recovery in this action. The three persons, appointed by the parties, were "impartially to estimate and determine the price to be paid by said company [defendants] to said Warren, for said real estate; and impartially to assess and determine the compensation to be paid by said company to said Warren, for the injury caused to said Warren by means of said dam." The parties agreed that such three persons should do those acts; and the agreement was authorized by sections nine and ten of the act referred to. When the defendants violated the agreement and prevented the three persons named in it going on and making a report, the defendants became liable to Warren for all the damages sustained by him in consequence of the refusal of such three persons to make a report; and those damages the plaintiff has recovered in this action.

But there is no valid objection to regarding persons, appointed by parties pursuant to the act referred to, as arbitrators. There is no provision in the act for the review of their decisions. If their decisions or reports can be questioned, they must be reviewed as awards. An arbitrator is a disinterested person, to whose judgment and decision

Miller *v.* The President &c. of the Junction Canal Company.

matters in dispute are referred. (*Wharton's Law Dic.* *p.* 60.) According to *Bouvier*, an arbitrator is "a private extraordinary judge chosen by the parties who have a matter in dispute, invested with power to decide the same. Arbitrators are so called because they have generally an arbitrary power, there being, in common, no appeal from their sentences, which are called awards." (1 *Bouv. Law Dic. p.* 115.)

The parties regarded Rickey, Eddy and Haggerty as arbitrators, and acted accordingly, until after their authority was revoked by the defendants. And I am of the opinion we should deem them arbitrators. (*See Merritt* v. *Thompson,* 27 *N. Y. Rep.* 225.) They were "impartially to estimate and determine the price to be paid" for the land taken, and "impartially to assess and determine the compensation to be paid" for the injury caused to Warren by means of the dam. The act did not expressly authorize them to hear evidence; but if they were arbitrators, they had that right, and they exercised it.

It is clear if Rickey, Eddy and Haggerty were arbitrators, the plaintiff was entitled to recover the damages Warren sustained in consequence of the revocation of their authority by the defendants.

For these reasons I am of the opinion no error was committed on the trial, and the judgment in the action should be affirmed, with costs.

So decided.

[BROOME GENERAL TERM, November 17, 1868. *Balcom, Boardman, Murray* and *Parker,* Justices.]