ALVAN CALL, JR., *vs.* JAMES M. HAGAR.

Sagadahoc. Opinion June 5, 1879.

*Arbitration. Contract. Revocation. Damages.*

A mutual agreement, in writing, to refer to certain specified referees is a contract binding on the parties to the same.

For a breach of this contract damages may be recovered.

No set form of words is necessary to constitute a revocation. The intent is to govern.

The party revoking a submission, without good cause, is liable to the other party for damages arising from such revocation,—including loss of time and trouble, expenses of witnesses, reasonable fees of counsel and other expenses necessarily incurred.

ON REPORT.

ACTION on the case for the alleged revocation of a written agreement of submission. Writ dated October 10, 1870.

Plea, general issue, and brief statement denying revocation of the submission declared upon.

Facts are stated in the opinion.

*J. W. Spaulding & F. J. Buker*, for the plaintiff.

*J. Baker, N. M. Whitmore & W. T. Hall*, for the defendant.

APPLETON, C. J. The parties to this suit having matters in controversy between them, entered into the following agreement of reference : "We do hereby agree to submit to Charles Davenport and Jarvis Patten of Bath, the accounts of ships May Flower and Jamestown, and all claims and demands incurred and growing out of the said ships while Alvan Call, Jr., was master, and all other claims between the undersigned, to the judgment and arbitration of said referees above named,—their award to be

made as soon as possible. It is understood the papers shall be placed in the hands of said arbitrators at once. And we hereby promise and agree to abide by and pay their award." (Signed) Jas. M. Hagar, Alvan Call, Jr. Richmond, July 14, 1877.

This was a binding contract. The promise of each to the other to abide by and pay the award which might be made, is a sufficient consideration for such promise. Damages are recoverable for a breach of this as of any other contract. The referees gave due notice to the parties. The parties were present before them and a partial hearing of the case was had, when the defendant sent them the following letter:

"Richmond, Sept. 3, 1877. Messrs. Davenport & Patten: Dear Sirs—Being satisfied that no practical result can come from a further examination of ships' accounts with Capt. Call before you, shall therefore withdraw from further attendance, unless the matter is placed in a shape where some good can come from a hearing. The form of submission to you is not one known to the law, being neither a statute nor common law reference, and any award cannot be enforced, hence nothing is accomplished by it. I wished a quiet and peaceable and fair adjustment without controversy, hence adopted the course taken. Finding that is not possible by the proceedings before you, will not trouble you for them, as any award might be opposed by either party, and nothing gained by it. Truly yours, J. M. Hagar."

Upon receiving this communication the referees, notwithstanding the protestations of the plaintiff to the contrary, declined to proceed with the hearing.

The law is well settled that whichever party, without right, revokes the authority of the arbitrator or prevents him from acting, such party is liable therefor to the other in an action for damages. Pond v. Harris, 113 Mass. 114.

No particular form of words is required to constitute a revocation. Provided a clear intention to revoke is to be gathered from the whole document, it will suffice. Frets v. Frets, 1 Cow. 335. Miller v. Canal Co., 53 Barb. 590. The letter was understood, and intended to be understood, as a revocation of all further proceedings in the premises. It prevented action by the referees. No justification is shown for such revocation.

The plaintiff, then, is entitled to damages. The expenses necessarily incurred in preparing for trial before the referees, his loss of time and trouble in the hearing, reasonable payments made to counsel, witnesses, and expenditures of a like nature, are proper matters of claim. *Pond* v. *Harris, supra.* A suit was afterwards brought, embracing the subject matter of the reference, in which the plaintiff recovered judgment. So far as the preparation for a trial before the referees rendered the same labor unnecessary on the trial of the action subsequently commenced, he is not damaged. That he was detained from his business is or may be incidental to all litigation. That such detention may lead to collateral loss is undoubtedly true, but we think that such loss is too remote and uncertain to constitute the basis of a claim for damages.

The plaintiff is entitled to recover for damages sustained, including reasonable amount paid for counsel fees, for his loss of time and for the expenses necessarily incurred. It is not shown that anything was paid to the referees or to witnesses.

*Judgment for plaintiff for* $100.

WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.