THE PEOPLE ex rel. THE UNION INSURANCE COMPANY OF PHILADELPHIA et al., Appellants, *v.* STEPHEN P. NASH et al., Respondents.

Both at common law and under the Code of Civil Procedure (§ 2383), a submission to arbitration may be revoked by any party thereto at any time before the matter has been finally submitted to the arbitrators for their decision; and this is so although the agreement to arbitrate provides against any revocation, and, by its terms, the party seeking to revoke, for a valuable and executed consideration, expressly waived, and abandoned the right to revoke. Such stipulations, like other executory agreements if broken, simply leave the other party to seek redress by action for damages.

The arbitrators derive their power to act simply from the continuing consent of the parties, and when the agreement, while yet executory, is broken by the refusal of a party to be bound by or to perform it, the power of the arbitrators cease.

As to whether the court has power by *mandamus* to compel the performance by arbitrators of their functions, *quære.*

(Argued October 16, 1888; decided November 27, 1888.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made March 28, 1888, which affirmed an order of Special Term, denying an application of the relators for a peremptory *mandamus* requiring defendants, as arbitrators appointed under an arbitration agreement between the petitioner and Lorenzo Dimick, to proceed with the arbitration. (Reported below, 47 Hun, 542.)

The submission was of certain matters in controversy included in actions then pending between the parties, "and all other manner of actions, cause or causes of action, suits, controversies, claims and demands whatsoever now pending, existing or held by and between the said parties."

The agreement contained this clause: "And it is hereby further agreed by and between the said parties, in consideration of the agreements and covenants herein contained, to be kept and performed by the respective parties hereto, that neither of the parties hereto shall have the right to revoke the submission to arbitrators herein provided for, or this agreement, or any part thereof, and such arbitration shall not terminate or be revoked by the dissolution or death of either or any of the parties hereto, but in case of such dissolution or death of either or any of the parties hereto, during the pendency of such arbitration, the same shall continue against the personal representatives of such deceased person, or against the successor or person, or officer charged with the duty of administering the assets of such corporation, and any revocation by operation of law, and any and all right of revocation given or permitted by statute or otherwise, is hereby expressly waived and abandoned."

Before the matters were finally submitted to the arbitrators, Dimick served upon the arbitrators a written notice of revocation, and thereafter they declined to act.

*Treadwell Cleveland* and *Norris Morey* for appellants. The attempted revocation by Dimick has no efficacy in determining the authority of the arbitrators to proceed, or in invalidating the award which they may make. (Morse on Arbitration and Award, 230, 231.) Where parties have entered into an agreement to arbitrate, based upon a valuable and executed consideration, and have, on the strength of such consideration, bound themselves either in terms or by necessary implication not to revoke such submission, they will be concluded by such agreement, and will not be permitted to revoke without adequate cause. (*Bk. of Monroe* v. *Widner*, 11 Paige, 529; *Hunt* v. *Rousmanier*, 8 Wheat. 174, 201; *McGeehen* v. *Duffield*, 5 Penn. St. 497; *Johnson* v. *Andrews*, 5 Phil. 8; *Paist* v. *Caldwell*, 75 Penn. St. 161; *Shisler* v. *Keavey*, id. 79; *Lewis Appeal*, 91 id. 361; *Williams* v. *Tracy*, 95 id. 308.) Whatever rights of revocation may be deemed to exist either at common

law or under the statutes, all such rights have, in the present case, been wholly and effectually waived by the express terms of the arbitration agreement, as above quoted. (*In re N. Y., L. & W R. R. Co.*, 98 N. Y. 453; *Cutter* v. *Cutter*, 48 N. Y. Supr. Ct. 470; *Lee* v. *Tillotson*, 24 Wend. 357; *Crawford* v. *Lockwood*, 9 How. Pr. 548; *Root* v. *Wagner*, 30 N. Y. 9; *Ripley* v. *Ætna Ins. Co.*, Id. 163; *Townsend* v. *Masterson, etc., Co.*, 15 id. 587; *People* v. *Stephens*, 52 id. 306.) Whatever right of revocation Dimick may be deemed to have possessed he was estopped from exercising it, by reason of his solemn representation in the arbitration agreement to the effect that he had no such right. (Herman on Estoppel, §§ 211, 320, 323, 328, 331, 445, 468, 469; Bigelow on Estoppel, 479, 541, 578; *In re Cooper*, 93 N. Y. 507.) Whatever right of revocation Dimick may heretofore have had, such right was, under the provisions of the Penal Code, wholly suspended prior to his attempted revocation, by reason of his sentence to imprisonment for grand larceny in a state prison for a term of years. (Penal Code, § 707; 2 R. S. 701, § 19; *Bowles* v. *Haberman*, 95 N. Y. 246; *Werckman* v. *Werckman*, 4 N. Y. Civ. Pro. Rep. 146; *Bonnell* v. *R. W. & O. R. R. Co.*, 12 Hun, 218; *Davis* v. *Duffie*, 4 Abb. Pr. [N. S.] 478.) The writ of *mandamus* hereby applied for is a suitable and proper relief in the present case. (Wood on Mandamus, 19, 54; Hawes on Jurisdiction of Courts, § 141; *Ex parte Parker*, 120 U. S. 743; *Life and Fire Insurance Co.* v. *Wilson's Heirs*, 8 Pet. 302; *Carpenter* v. *County Commissioners, etc.*, 21 Pick. 258; *People* v. *Steele*, 2 Barb. 417; *Carey* v. *Comrs., etc.*, 19 Ohio, 245; 2 R. S. 540; *Fudickar* v. *Guar. Mut. L. Ins. Co.*, 62 N. Y. 399; *Rex* v. *Goodrich*, 3 Smith, 388; *In re Brighton Sewers Act*, L. R., 9 Q. B. D. 723; *King* v. *Mayor, etc.*, 1 M. & S. 697; *S. C.*, 1 D. & R. 148; Wilson on Jur. of Cts. §§ 476, 477, 483; *People* v. *Supervisors*, 24 How. Pr. 119; *Rex* v. *Stewart*, 2 D. & R. 176; *Queen* v. *Goodrich*, 19 L. J. Rep. [Q. B.] 413; *Hightower* v. *Overhaulser*, 65 Iowa, 347; *People* v. *Becker*, 3 N. Y. St. Rep. 202; *People* v. *Chapin*, 105 N. Y. 309.) The order of the General Term

herein is appealable to this court. (*People ex rel. Gas Light Co.* v. *Common Council*, 78 N. Y. 56; *People ex rel. Millard* v. *Chapin*, 104 id. 96.) Whenever a legal right exists, the party is entitled to a legal remedy, and, when all others fail, the aid of a *mandamus* may be invoked. (*People* v. *N. Y.*, 10 Wend. 395, 398; *People* v. *Schielling*, 95 N. Y. 133; *People* v. *Steele*, 2 Barb. 397, 416–419; Tapping on Mandamus, 5, 30, 173;' Hawes on Jur. of Cts. § 141; *Rex* v. *Barker*, 3 Burrows, 1265; High on Extra. Rem. §§ 1, 159, 215; Wood on Mandamus, 111.) The submission to arbitration in question is clearly a statutory submission under title 8 of chapter 17 of the Code of Civil Procedure. (Code, §§ 2367, 2386; *In re Martin*, 1 How. Pr. [N. S.] 28.) Parties may agree that a pending action shall not abate by the death of one of the parties thereto, and this has been held valid, although the statute provided to the contrary. (*Cox* v. *R. R. Co.*, 63 N. Y. 414.) The right of appeal given by the Code may be waived by the agreement of the parties. (*Townsend* v. *M. S. D. Co.*, 15 N. Y. 587.) An arbitrator is a judge selected by the parties; he is, by their consent, invested with judicial functions in the particular case; he is to determine the right as between the parties in respect to the matters submitted, and all questions of fact or law upon which the right depends are under a general submission, deemed to be referred to him for decision. (*Fudickar* v. *Ins. Co.*, 62 N. Y. 392–399; *Story* v. *Elliott*, 8 Cow. 28, 31; Code of Civ. Pro. §§ 854, 2365, 2386; *Howard* v. *Saxton*, 1 Denio, 440; *Brown* v. *Lyddy*, 11 Hun, 451–456.) Everyone who is appointed to discharge a public duty and receives compensation in whatever shape, whether from the state or otherwise, is a public officer. (*Henly* v. *Mayor, etc.*, 5 Bing. ——; *In re Wood*, 2 Cow. 29; *People* v. *Nostrand*, 46 N. Y. 381.) The writ of *mandamus* is the appropriate remedy to compel the performance by arbitrators of their duties. (Wood on Mandamus, 110; Tapping on Mandamus, 92; *Clark* v. *Elwick*, 1 Strange, 1; Barnes, 58, title, Award.)

*S. P. Nash* and *James E. Carpenter* for respondents. A *mandamus* will not lie against parties acting under a private mandate, as distinguished from one conferred by law. (*People ex rel. Cooper* v. *Trustees*, 21 Hun, 184, 195.)

*William Allen Butler* for respondents. *Mandamus* is the appropriate remedy where a public duty is imposed or some act specifically directed by statute, but it will not lie to enforce a private contract. (*Ex parte Robbins*, 7 Dowl. P. Cases, 566; *People ex rel. Coopers* v. *Trustees*, 21 Hun, 184; *Stackpole* v. *Seymour*, 127 Mass. 104; *Pond* v. *Harris*, 113 id. 114; *Miller* v. *Canal Co.*, 53 Barb. 590.) The judge, at Special Term, correctly held that Dimick had the right to revoke the submission, and that his revocation being in the manner required by section 2383 of the Code of Civil Procedure, was effectual to terminate the arbitration. (*Tobey* v. *Bristol*, 3 Story, 800; Morse on Abr., 230; *Curtis* v. *Barnes*, 30 Barb. 225; *Bank of Monroe* v. *Widner*, 11 Paige, 529; *Allen* v. *Watson*, 16 Johns. 205; *Marsh* v. *Packer*, 20 Vt. 198; 6 Bing. 443; 15 Wend. 99; 7 Abb. Pr. [N. S.] 251; 27 Geo. 368; 5 Phil. 8; 12 id. 383.) Such a submission could not be made irrevocable by any agreement of the parties. (Morse on Abr. 230; *Tobey* v. *Bristol Co.*, 3 Story, 800; *Marsh* v. *Bulteel*, 5 B. & Ald. 508; *In re Rouse*, L. R., 6 C. P. 212; *Vynior's Case*, 4 Coke Rep. 299; *Froyer* v. *Ehrensperger*, L. R. 12 Q. B. Div. 310; *Thompson* v. *Anderson*, L. R., 9 Eq. 523; Code of Civil Pro. § 2383.) Agreement that arbitrators may proceed *ex parte* if other party neglects to appear does not render submission irrevocable. (*B. & I. R. R. Co.* v. *Nashua Co.*, 139 Mass. 463; *Jones* v. *Harris*, 59 Miss. 214; *McGheehan* v. *Duffield*, 5 Penn. St. 497.) By revocation the other party is left solely to the penalty of the bond or his remedy on the case. (*Pond* v. *Harris*, 113 Mass. 114; *Miller* v. *Canal Co.*, 53 Barb. 590.) The claim made by the relators that Dimick could not revoke his submission because he was under the disability imposed by section 707 of the Penal Code is untenable. (107 N. Y. 13.)

Gray, J. The position taken by the appellants, with respect to the agreement of arbitration in question here, is that the character of revocability, inherent in such submissions, is affected by that article of the agreement, which provides against any revocation and expressly waives and abandons the right to revoke. They do not dispute the common-law rule that submissions to arbitration are revocable in their nature, and, indeed, that such was the rule is too well established and recognized by early and late English cases, and by the New York statutes and decisions to admit of dispute. (*Allen* v. *Watson*, 16 Johns. 205 ; *Bank* v. *Widner*, 11 Paige, 529 ; 2 R. S. 544, § 23 ; *Tobey* v. *County of Bristol*, 3 Story, 800 ; *Vynior's Case*, 8 Coke, 81 b. [4th vol. of Frazer's ed. 302] ; *Marsh* v. *Bulteel*, 5 B. & Ald. 508 ; *Re Rouse* v. *Meier*, L. R., 6 C. P. 212 ; *Fraser* v. *Ehrensperger*, L. R., 12 Q. B. D. 310.) Whatever may have been decided elsewhere in this country, we are satisfied that that is the better rule of law which has been recognized in England and in this state, and which considers a submission revocable, until its nature is changed by legal enactment, as was done by English statutes. As it was said in *Vynior's Case* (*supra*), "man cannot by his act make such authority, power or warrant not countermandable, which is by the law or its own nature countermandable ;" he cannot "make that irrevocable which is of its own nature revocable."

But the learned counsel for the appellants say the facts underlying this submission, in the discontinuance of suits, the abandonment of advantages and the peculiar and unusual agreements contained in this submission, by which the right to revoke is waived and abandoned, take it out of the common law, or statute rule. They say that here was an express waiver of the right to revoke, based on a valuable and executed consideration, and they argue that failing the reason of the rule, the rule itself fails.

No unusual character is imparted to the agreement by its being based on such a consideration. All such agreements must be based on a good consideration, and if the discontinuance of the pending suits and the loss of advantages.

thereby occasioned, are the features which constitute the executed consideration, they are but the incidents of the agreement of submission. That was the decision of this court in *McNulty* v. *Solley* (95 N. Y. 242), where Danforth, J., collects authorities to sustain the proposition that by submission to arbitration, *eo acto*, the discontinuance of the pending litigation is effected. The flaw in the argument of appellants' counsel is in its assumption that the character of the mandate to the individuals, selected to determine the controversy between parties, can be changed by their private agreements, or affected by the circumstances which were its producing cause, or which the execution of the agreement induced.

The source of the mandate or power, by virtue of which the arbitrators act, is in the private agreement which the parties have entered into, for reasons satisfactory to themselves, in order to have an end to dispute and to legal strife, and the force of the mandate to them is in the consent of the parties that they shall act. But in the execution of the power, or in the thing they are to accomplish, the arbitrators have no interest, and thus the case is altogether different from one where the mandatory has an interest in the execution of the power and in the result of its exercise. In such a case the mandate, which goes forth with the execution and delivery of the agreement to the mandatory, becomes irrevocable. We are at a loss to understand how the nature of the agreement between the parties, or any resulting incident of that agreement, add anything to the power of the arbitrators. The agreement of submission is executory, until the controversy is completely ended between the parties by the submission to the arbitrators of the controversial facts for their decision; and not till then can it be said that the agreement has been executed and has passed beyond the power of the parties to withdraw from or to break. Until that ultimate stage has been reached, every article of the agreement, which relates to the future conduct of the parties, lies in the region of promise, and that promises can be and are broken, regardless of their weight or the consequences, is as proverbial as it is certain.

The express agreement not to revoke is executory, of course, like every other agreement to do or not to do a certain thing. Although the parties agreed not to revoke, the fact is that one of them has done so, notwithstanding his agreement, and the other is left to such legal remedies as may offer themselves, to protect or compensate him for the breach.    The agreement to waive any right to revoke does not help the situation.    A waiver, to be effectual and beyond recall, must be of some present existing right, conferred by statute or otherwise. When the agreement to waive relates to the future conduct of the party, it is merely executory and amounts to nothing more than the agreement not to revoke.    The difficulty is that as the arbitrators have no interest in the result of the arbitration and derive their power to act from the continuing consent of the parties to the agreement, when the agreement, while yet executory, is broken by the refusal of a party to be bound by it or to perform it, the foundation of the arbitrator's power is gone and they have no more authority over the withdrawing party to bind him by their acts.

The legislature of this state in enacting section 2383 of the Code of Civil Procedure have set at rest any existing conflict in the decisions and have enlarged the rule as recognized in the previous statutory enactment (2 R. S. 544 § 23.)    By its provisions a submission to arbitration, whether made as prescribed in that title or otherwise, may be revoked at any time before the closing of the proofs and the final submission of the cause for decision.    The revocation must be in writing, signed by the parties and delivered to the arbitrators, and it is competent for one of several parties on a side to effect such a revocation. We perceive no reason for qualifying the force of this section in the way suggested by appellants' counsel, who say that it is only available to a party when revocation is allowable, and as, by express agreements in this submission, the right of revocation was stipulated away; the provisions of the section are inapplicable.    We think the language of this section is broad enough to cover all cases of submission, and that the only restriction is as to the time and the mode of the act of revoca-

tion. And as to the agreement not to revoke, as we have suggested, like any other agreement relating to the future conduct of parties, it was executory, and, if broken, left the other party helpless thereunder, and under the necessity to seek redress for the breach elsewhere.

We have preferred to express our views upon the main conflict as to this submission, in view of its importance, and, while doubting the power of the court to compel by writ of *mandamus* the performance by these arbitrators of their functions, we do not now express any opinion upon that question.

For the reasons expressed, we think the order of the General Term, affirming the order of the Special Term denying a motion for a peremptory *mandamus*, should be affirmed, with costs.

All concur.

Order affirmed.