(70 Misc. Rep. 94.)

## PIZZINI v. HUTCHINS.

(Supreme Court, Special Term, New York County. December, 1910.)

1. ARBITRATION AND AWARD (§ 16*)—SUBMISSION TO ARBITRATION—REVOCA-
   BILITY—RULE AT COMMON LAW.
   At common law a submission to arbitration was revocable at any time before the award was actually made.
   [Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. §§ 64–76; Dec. Dig. § 16.*]

2. ARBITRATION AND AWARD (§ 82*)—AGREEMENT IN FOREIGN STATE—CONCLU-
   SIVENESS.
   Code Civ. Proc. § 2383, provides that a submission to arbitration cannot be revoked after the proofs have been closed and the matter finally submitted. Code Va. 1904, § 3008, provides that an arbitration agreement or submission shall not be revocable by either party without leave of court. Held, that the statutes of both states make an arbitration submission irrevocable under limitations differing only in details, and the Virginia statute is not contrary to the public policy of New York, and hence, under the full faith and credit clause of the United States Constitution, an arbitration award in Virginia was admissible in evidence in an action in New York involving the subject-matter of such award.
   [Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. §§ 440–450; Dec. Dig. § 82.*]

Action by Andrew J. Pizzini against George P. Hutchins. Judgment for defendant.

Griggs, Baldwin & Baldwin, for plaintiff.
Battle & Marshall, for defendant.

GREENBAUM, J. I am unable to acquiesce in the proposition of the plaintiff that the promissory note in suit was not the subject of the arbitration agreement executed by the parties to this action. The agreement which is admitted in the reply to the answer makes special reference to the note, and the point now urged, that the amendment to the answer allowed upon the trial operated as a withdrawal of the admission of the execution of the agreement, is not well founded. It was assumed upon the trial that the agreement of arbitration, a copy of which was annexed to the answer, had been duly executed by the parties. As to the point raised, that the award of the arbitrators was not properly proved, I am of the opinion that it became and was a judicial proceeding, within the meaning of the full faith and credit

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

clause of the United States Constitution, and was properly proved upon the trial.

It is argued in behalf of the plaintiff that the irrevocable character of the arbitration submission under the laws of Virginia is contrary to the public policy of this state and not enforceable in this forum. The arbitration was made in the state of Virginia, pursuant to the statutes of that state, wherein it is provided that no such arbitration agreement or submission "shall be revocable by any party to such submission without leave of such court." Code Va. 1904, c. 143, § 3007. There is no doubt that at common law a submission to arbitration was revocable at any time before the award was actually made. Bank of Monroe v. Widner, 11 Paige, 529, 534, 43 Am. Dec. 768; Allen v. Watson, 16 Johns. 205. But such revocation is not now available to a party after "the proofs of the parties have been closed and the matter finally submitted to the arbitrators for their decision." Code Civ. Proc. § 2383; People ex rel. Union Ins. Co. v. Nash, 111 N. Y. 310, 18 N. E. 630, 2 L. R. A. 180, 7 Am. St. Rep. 747. The statutory provisions in both states thus declare the irrevocability of an arbitration submission under certain limitations, differing only in details. Under the Virginia statute it is not revocable except with leave of the court, while under our statute it is not revocable after final submission to the arbitrators. In the Monroe Bank Case, supra, the court, after stating the common-law rule, observed:

"But the Revised Statutes have wisely provided that neither party to a submission shall have power to revoke such submission after the cause has been finally submitted to the arbitrator upon a hearing of the parties for his decision. 2 Rev. St. 544, § 23."

Under these circumstances I do not think that the Virginia statute should be held to be contrary to the public policy of this state. The plaintiff also contends that under the Virginia statute the arbitration agreement was revocable, because it had not been entered of record in the chancery court of the city of Richmond at the time of its attempted revocation by the plaintiff. Section 3007 of the Virginia Code provides:

"No such submission entered or agreed to be entered of record in any court shall be revocable by any party to such submission without the leave of the court," etc.

The arbitration agreement provided as follows:

"That this agreement for submission to arbitration of the questions arising under the said contract of June 15, 1907, may be entered of record in the chancery court of the city of Richmond, and that the award of the arbitrators shall be entered up as a judgment or decree of the said chancery court of the city of Richmond if it be not performed within two weeks after the said award be made."

The two weeks provision was evidently intended to enable the parties to the award to comply with its terms prior to its entry as a judgment and within two weeks after its rendition, without the necessity of its record. The provision reads, "It shall be entered up as a judgment or decree," and it is, therefore, an agreement for entering up of record in the court the award made by the arbitrators. I am of opin-

ion that the arbitration agreement and award constitute a bar to any recovery by the plaintiff. Since the award was made after the commencement of this action, the counterclaim of the defendant based thereon must be dismissed. A verdict is directed in favor of the defendant.

Pursuant to the stipulation of the parties, an exception to such direction may be entered for the benefit of the plaintiff, who may have a 30 days stay after notice of entry of judgment and 60 days within which to serve proposed case on appeal.

Judgment for defendant.