(No. 13755.—Judgment affirmed.)

THE WHITE EAGLE LAUNDRY COMPANY, Appellant, *vs.* JOSEPH SLAWEK, Appellee.

*Opinion filed February 15, 1921.*

1. PRINCIPAL AND AGENT—*what may be included in parol authority to agent.* Whatever a party may do in his own proper person he may, in general, do by an agent lawfully appointed, and an agent may be appointed by parol to do anything which does not require the execution of a deed for his principal.

2. SAME—*agent may be authorized by parol to sign contracts—Statute of Frauds.* An agent may be authorized by parol to make and sign contracts in writing even though such contracts are not binding upon the principal unless in writing signed by him; and where the Statute of Frauds requires an instrument to be in writing in order to bind the party, he may, without writing, authorize an agent to sign it in his behalf unless the statute positively requires that the authority shall be in writing.

3. ARBITRATION—*arbitration agreement signed by counsel at request of the parties is binding upon them.* Where the names of the parties to an arbitration agreement are signed by counsel in the presence of the parties and at their request the signatures will be regarded as the personal signatures of the parties, as an instrument or deed signed by one man in the name of another under such circumstances is as binding on the principal as if signed with his own hand by writing his name or placing his mark upon it.

4. SAME—*Arbitration act confers no judicial powers on arbitrators.* Arbitration is in the nature of a judicial inquiry, but the

Arbitration act confers no judicial powers on arbitrators, as the proceeding is not compulsory but entirely voluntary, and the statute merely regulates the method by which the arbitration may be conducted.

5. SAME—*making an arbitration agreement irrevocable by statute does not violate constitutional rights.* Before the enactment of the Arbitration act the court could not specifically enforce an agreement to arbitrate but left the parties to their remedies at law for a breach of the contract, and the effect of the statute making the agreement irrevocable is merely to provide for the specific enforcement of the contract, and the statute violates no constitutional rights.

6. SAME—*an arbitration agreement is not invalid as being contrary to public policy.* The principle that an executory contract to submit any controversy which may arise under it to arbitration is invalid as being contrary to public policy and as being an attempt to divest the courts of their jurisdiction applies only where there is a general agreement to submit all controversies to arbitration, and does not apply to cases where a controversy has arisen and an agreement is made to submit the particular controversy to arbitration nor to agreements to arbitrate special questions.

APPEAL from the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding.

MURRAY & DANIELS, (LEE E. DANIELS, of counsel,) for appellant.

JOSEPH H. HINSHAW, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The White Eagle Laundry Company brought suit in the municipal court of Chicago on October 18, 1920, against Joseph Slawek for damages to the plaintiff's automobile, caused by a collision on a public street in the city of Chicago with the defendant's automobile, alleged to have resulted from the defendant's negligence.

On October 29, 1920, the parties entered into a written agreement for the submission of the cause to arbitration and appointing an arbitrator. The agreement provided

that judgment should be entered on any award that was made and it was filed in the municipal court. The arbitrator, after taking the oath prescribed by law, heard the cause and the arguments of counsel, and at the close of the argument counsel for the plaintiff stated that the plaintiff then and there withdrew from the submission to arbitration and asked the arbitrator to suspend further proceedings until the plaintiff could move the court for a non-suit. Thereupon the arbitrator took no further action in the matter and the plaintiff moved the court for a non-suit, but the court overruled the motion and ordered the arbitrator to file his final award instanter. On November 9 the arbitrator filed his award, finding that the defendant was guilty of negligence and that the plaintiff was guilty of contributory negligence, the negligence of both parties being the primary cause of the accident, and finding that there was no right of recovery in favor of the plaintiff. Objections were filed to the award, but the court entered judgment that the plaintiff take nothing by his suit and that the defendant recover his costs. The plaintiff appealed directly to this court, claiming that the case involves the constitutionality of certain provisions of the Arbitration act as amended in 1919. (Laws of 1919, p. 216.)

The appellant contends that the cause was not properly submitted to arbitration because the agreement in writing was not signed by the parties in accordance with the requirements of section 1 of the statute, which provides that all persons having legal capacity may, by a writing to be signed by them, submit a controversy to arbitration. It is claimed that this requires the agreement to be signed by the parties themselves and not by anyone acting for them, and that it was not shown that the attorneys had any authority to sign the agreement. It appears from the record that the attorneys, in the presence of the parties, plaintiff and defendant, and at their request, signed the submission to arbitration that later was filed in the cause.

Whatever a party may do in his own proper person he may, in general, do by an agent lawfully appointed, and an agent may be appointed by parol to do anything which does not require the execution of a deed for his principal. He may be authorized by parol to make and sign contracts in writing,—even contracts which are not binding upon his principal unless in writing signed by him. (1 Parsons on Contracts,—9th ed.—*47; Story on Agency, sec. 50; 2 Kent's Com. 613.) Even where the Statute of Frauds requires an instrument to be in writing in order to bind the party, he may, without writing, authorize an agent to sign it in his behalf unless the statute positively requires that the authority shall be in writing. (*Doty* v. *Wilder,* 15 Ill. 407; *Johnson* v. *Dodge,* 17 id. 433.) In this case the writing having been executed in the presence of the parties, at their request, the signatures are regarded as the personal signatures of the parties themselves. If an instrument is signed by one man in the name of another under such circumstances, it is as binding on the principal as if signed with his own hand by writing his name or placing his cross or other mark upon it. (*Handyside* v. *Cameron,* 21 Ill. 588.) Where a grantor in a deed is present and authorizes another, either expressly or impliedly, to sign his name to the deed, it then becomes his deed and is as binding upon him as if he had personally affixed his signature. (*Lewis* v. *Watson,* 98 Ala. 479.) "The name being written by another and in the presence of the grantor and at her request is her act. The disposing capacity,—the act of mind,—which are the essential and efficient ingredients of the deed, are hers, and she merely uses the hand of another through incapacity or weakness, instead of her own, to do the physical act of making a written sign." *Gardner* v. *Gardner,* 5 Cush. 483.

The appellant contends that it had a right to revoke the submission to arbitration and take a non-suit at any time before the arbitrator had indicated his finding in the con-

troversy. At common law the rule was well established that either party might revoke the submission at any time before the award was made, thus rendering the submission wholly ineffectual and taking from the arbitrator all power to make a binding award. (2 Parsons on Contracts, *710; *Paulsen* v. *Manske,* 126 Ill. 72; *People* v. *Nash,* 111 N. Y. 310.) Section 3 of the Arbitration act provides that a submission to arbitration shall, unless a contrary intention is expressed therein, be irrevocable. The legislature has the right to enact such a provision unless it is prohibited by the constitution from doing so.

The appellant contends that the provision is unconstitutional because it deprives parties of property without due process of law and confers judicial powers on individuals not recognized by the constitution. It is true that arbitration is in the nature of a judicial inquiry, but the statute confers no judicial powers on arbitrators. It is not compulsory but is entirely voluntary. If parties choose to submit their controversies to arbitration they have the right to do so. The object of arbitration is to avoid the formalities, delay and expense attending litigation in court, and it has been recognized from a very early period by the common law as a method of settling disputes. At common law an agreement could be entered into by parol to arbitrate any cause of action which did not involve the title to land, and an award was a full and final adjustment of the controversy, having all the force of an adjudication and effectually concluding the parties from again litigating the same subject. (*Smith* v. *Douglass,* 16 Ill. 34.) The statute, in making the agreement irrevocable, confers no new power and takes away no inalienable right. It simply recognizes the agreement of the parties and enforces it. Before the statute was enacted the court would not specifically enforce the agreement to arbitrate but left the parties to their remedies at law for a breach of the contract. The effect of making the agreement irrevocable was merely to

provide for the specific enforcement of the contract and it violated no constitutional rights. It conferred no power on individuals but provided for the method of carrying into effect the contract of the parties.

It is also objected that the act is unconstitutional and void as being an attempt to oust the courts appointed by the constitution of their jurisdiction. There is no constitutional provision against the settlement of controversies out of court or the submission of them to the judgment of arbitrators who may be agreed upon by the parties, and no constitutional provision is referred to under this head of the appellant's argument. It has been held that an agreement in an executory contract to submit any controversy which may arise under it to arbitration is an effort to divest the courts of their jurisdiction and is invalid because contrary to public policy. (*Stephenson* v. *Piscataqua Fire and Marine Ins. Co.* 54 Me. 55; *Hurst* v. *Litchfield,* 39 N. Y. 377; *Fox* v. *Masons' Fraternal Accident Ass'n,* 96 Wis. 390.) This principle applies only where there is a general agreement to submit all controversies to arbitration. It does not apply to cases where a controversy has arisen and an agreement is made to submit the particular controversy to arbitration or to agreements to arbitrate special questions, such as the amount of the loss under an insurance policy, as a condition precedent to maintaining an action. (*Niagara Fire Ins. Co.* v. *Bishop,* 154 Ill. 9; *Hamilton* v. *Liverpool, London and Globe Ins. Co.* 136 U. S. 242; *Scott* v. *Avery,* 5 H. L. Cas. 811.) The statute does not require any causes to be submitted to arbitration, and nobody is any more bound now to submit causes to arbitration than before. It merely recognizes the right, already existing, of parties to submit their causes to arbitration and regulates the method in which the arbitration may be conducted.

The judgment of the municipal court will be affirmed.

*Judgment affirmed.*