(No. 38398— )

INTERSTATE BAKERIES CORPORATION, Appellee and Cross-Appellant, *v.* BAKERY, CRACKER, PIE AND YEAST WAGON DRIVERS UNION, LOCAL 734, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Appellant and Cross-Appellee.

*Opinion filed September 29, 1964.*

CARMELL & CHARONE, of Chicago, (SHERMAN CARMELL, of counsel,) for appellant.

WINSTON, STRAWN, SMITH & PATTERSON, of Chicago, (GEORGE B. CHRISTENSEN and FRED H. DAUGHERTY, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiff employer, Interstate Bakeries Corp., is a bakery engaged in an industry affecting interstate commerce. The defendant union, Local 734, International Brotherhood of Teamsters, represents truck drivers employed by the plaintiff. The employer and the union are parties to a collective bargaining agreement which provides for the arbitration of differences between them, and provides also that there shall be no lockout or strike while the matter is pending before the arbitrators. A dispute arose between the parties as to the basis upon which certain drivers were to be paid. On May 21, 1963, the drivers refused to make deliveries without assurances, which the employer declined to give, that they would be paid in accordance with the union's interpretation of the agreement. The employer's

demand that the dispute be submitted to arbitration was rejected by the union.

The employer then brought this action in the circuit court of Cook County for specific performance of the arbitration agreement and for an injunction restraining the strike. The trial court issued a temporary injunction. After the union filed its answer the injunction was dissolved. Deliveries were resumed, with the drivers being paid in accordance with the union's interpretation of the contract. The cause was referred to a master, whose report was approved by the court. The union was ordered to proceed to arbitration, but the employer's prayer for an injunction was denied. The union has appealed directly to this court on the ground that the specific enforcement of an agreement to arbitrate future disputes violates articles II and VI of the Illinois constitution, and the employer has cross-appealed from the denial of injuctive relief.

When, as in this case, the jurisdiction of this court upon direct appeal is sought to be invoked upon the ground that a constitutional question is involved, the constitutional claim relied upon must have been raised and passed upon in the trial court. (*Strader* v. *Board of Education,* 413 Ill. 610, 614; *City of Watseka* v. *Wilson,* 11 Ill.2d 265, 267; *In re Estate of Webster,* 21 Ill.2d 54, 56.) In its amended answer in this case, the union asserted that the arbitration provision of the collective bargaining agreement "is unenforceable and violates the Constitution of the State of Illinois." In its objections to the master's report, it objected to "the failure of the Master to find that a general agreement to arbitrate is unenforceable in accordance with the Illinois common law."

Prior to the adoption of the Uniform Arbitration Act in 1961, Illinois had followed the general common-law rule and had refused to enforce agreements to arbitrate future disputes. Decisions so holding had referred to such agreements as attempts "to divest the courts of their jurisdiction"

and had held them "invalid because contrary to public policy." (*White Eagle Laundry Co.* v. *Slawek,* 296 Ill. 240, 245; *Cocalis* v. *Nazlides,* 308 Ill. 152.) Section 1 of the Uniform Arbitration Act (Ill. Rev. Stat. 1961, chap. 10, par. 101) now specifically provides that "* * * a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable * * *." The statute has thus removed the public policy considerations upon which the common law rule was based. The defendant has cited no decision of any court holding such a statute unconstitutional and indeed has not challenged the validity of this statute.

But even if it could be said that a substantial constitutional question as to the validity of section 1 of the Uniform Arbitration Act was raised in the trial court, it was not there passed upon. The order enforcing the arbitration agreement was not based upon Illinois law. Rather the master and the court held, upon the authority of section 301(a) of the Labor Management Relations Act of 1947 (61 Stat. 156, 29 U.S.C. 185,) *Textile Workers Union* v. *Lincoln Mills,* 353 U.S. 448; *United Steelworkers* v. *Warrior & Gulf Navigation Co.* 363 U.S. 574, and *Teamsters Local* v. *Lucas Flour Co.* 369 U.S. 95, that federal law governed, and that "even if the agreement to arbitrate is unenforceable in accordance with the Illinois common law, under the paramount federal labor policy, it would be incumbent upon this court to enforce the arbitration provision of the contract."

It follows that this court is without jurisdiction upon direct appeal and the cause is therefore transferred to the Appellate Court, First District.

*Cause transferred.*