GERMAINE M. HORWATH, Plaintiff-Appellant, *v.* HORTENSE E. PARKER
*et al.*, Defendants-Appellees.

First District (2nd Division)    No. 77-1387

Opinion filed April 24, 1979.

Yale Stein, of Skokie, for appellant.

Mayer, Brown & Platt, of Chicago (Sherwood K. Platt and James E. Honkisz, of counsel), for appellee Hortense Parker.

Lerner and Shimberg, of Chicago (Jonathan E. Shimberg, of counsel), for appellees Clephases and LaSalle National Bank of Chicago.

Mr. JUSTICE DOWNING delivered the opinion of the court:

This appeal involves the question of whether the circuit court of Cook County properly dismissed plaintiff's complaint for failure to exhaust her remedies pursuant to an arbitration agreement.

This case concerns a dispute among the owners of beneficial interests in a land trust. The property is a four-unit apartment building located at 8312 Kilpatrick Avenue, Skokie, Illinois. LaSalle National Bank presently holds title to the property as trustee under a trust agreement dated October 18, 1949, and known as Trust No. 8025. The original owners executed an "Agreement Among Co-Owners" ("Agreement") dated October 18, 1949, which set forth their rights and obligations with respect to the property. Included was a section which read:

> "All of the provisions of this instrument shall be deemed covenants running with the land, and shall be binding upon and inure to the benefit of the undersigned * * * and all who shall claim through or under the undersigned, including * * * heirs * * * successors and assigns of each of the partners hereto."

None of the original owners were owners at the time of this action. The present beneficial owners of the property are plaintiff Germaine M. Horwath, defendants Louis and Tina Clephas, defendant Hortense E. Parker, and defendants Mr. and Mrs. Samuel J. Wise who take no part in this appeal.

Defendant Parker moved and wished to sell her unit in the building. The "Agreement" required Parker as seller to serve the other co-owners either personally or by registered mail with written notice of her intention to sell, informing them of the price and terms of the proposed sale. Within 10 days after the written notice, any co-owner could exercise a first right to purchase Parker's beneficial interest at the same price and terms as she

was offering it to other purchasers. The interested co-owner was required to deliver to Parker either personally or by registered mail written notice of an intent to buy.

By letter dated September 7, 1976, and addressed to the other co-owners, defendant Parker stated that she was offering for sale her one-quarter beneficial interest in the property for $23,000, and pursuant to the "Agreement" was giving them first option to purchase at that price. If she did not receive written notice to purchase from any of the co-owners within 10 days, the letter stated that defendant Parker would go ahead and consummate the sale.

By letter dated September 15, 1976, plaintiff, through her attorney, objected to defendant Parker's letter as not complying with the "Agreement" in that, among other things, it was not delivered personally or by registered mail, and the terms of the proposed sale were not disclosed.

In response, by letter dated September 17, 1976, defendant Parker informed plaintiff of the details of the sale. The letter also informed plaintiff that defendants Clephases for the past 10 years had been "on contract" buyers of unit 1B, had recently paid off their loan and become co-owners, and were the first co-owners to exercise the option to purchase.

Defendant Parker also wrote to the trustee, LaSalle National Bank of Chicago, requesting it forward a written verification to plaintiff's attorney that the Clephases were co-owners and entitled to an "on contract" purchase of another beneficial interest in the property.

On September 30, 1976, plaintiff filed a complaint against LaSalle National Bank of Chicago as trustee, Hortense Parker, Louis and Tina Clephas, Joseph and Esther Friedman (prior owners of the unit occupied by the Clephases), Mr. and Mrs. Wise, and Unknown Owners. After making numerous allegations, plaintiff requested an injunction pendante lite restraining the sale of defendant Parker's interest in the property; a permanent injunction preventing any sale of the property to Louis and/or Tina Clephas; a permanent injunction preventing defendants Clephases from using the building for anything other than residential purposes, and from annoying, striking, harassing, threatening, and interfering with plaintiff and her right to privacy, peace and quiet; an accounting of the common building fund; a termination of the trust; a partition of the subject real estate; a declaratory judgment as to plaintiff's rights under the "Agreement"; and damages due plaintiff by reason of the defendants' wrongful conduct.

LaSalle National Bank of Chicago filed a motion to dismiss on the grounds that it held title to the property in trust only, and by attached

affidavit stated that it did not manage, control, operate, or possess the property.

Defendant Parker filed a motion to strike and dismiss on the grounds that the complaint did not state a cause of action as to her in that it did not allege a duty to sell her apartment to plaintiff, was indefinite, uncertain, contained conclusionary and immaterial matter, included misjoined parties, did not include all necessary parties, and the attached exhibits were inconsistent with the allegations.

Defendants Clephases filed an answer to the complaint in which they denied all allegations made as to them, alleged they were co-owners of the building and entitled to notice of all sales in the building and the right of purchase, and requested the complaint be dismissed.

Plaintiff filed a cross-motion requesting leave to amend the complaint to add Charles E. Schaaf as an additional party defendant and insert a paragraph to the effect that Schaaf purports to own part of defendant Parker's beneficial interest, that the nature of that interest should be determined, and that defendant Parker's notices of intention to sell were null and void without disclosure and joinder of Schaaf's interest.

On May 18, 1977, the trial court dismissed the complaint on its own motion for plaintiff's failure to exhaust her remedies in arbitration pursuant to an arbitration clause in the "Agreement." Defendant appeals the order.

## I.

Faced with the issue of whether the trial court properly dismissed the complaint, we must first decide whether the arbitration agreement was valid and enforceable.

■■ The law in existence at the time and place a contract is made is deemed part of that contract to the same extent as though expressly referred to or incorporated in the contract. (*Goble v. Central Security Mutual Insurance Co.* (2d Dist. 1970), 125 Ill. App. 2d 298, 302, 260 N.E.2d 860.) Thus the Illinois statute on arbitration in existence at the time the instant contract was made must be considered a part of the "Agreement." *Kaiser-Ducett Corp. v. Housewrights, Inc.* (1st Dist. 1977), 48 Ill. App. 3d 589, 592, 363 N.E.2d 97.

In 1949, the year the "Agreement" was executed, "An Act to revise the law in relation to arbitrations and awards" (Ill. Rev. Stat. 1949, ch. 10, par. 1 *et seq.*) enacted in 1917 was in existence. Section 1 of the Act provided: "That all persons having requisite legal capacity may, by an instrument in writing to be signed by them, submit to one or more arbitrators * * * any controversy *existing* between them * * *." (Emphasis added.)

The constitutionality of the Act was challenged in the case of *White Eagle Laundry Co. v. Slawek* (1921), 296 Ill. 240, 129 N.E. 753. There a controversy arose from an automobile collision occurring on October 18, 1920. Thereafter, on October 29, 1920, the parties entered into a written agreement for the submission of the cause to arbitration. The arbitrator found plaintiff contributorily negligent. Plaintiff objected to the finding, but the trial court entered judgment on the arbitrator's award. On appeal, the plaintiff argued the Act was unconstitutional in that it was an attempt to oust courts of their jurisdiction. In upholding the constitutionality of the Act, the supreme court stated:

> "There is no constitutional provision against the settlement of controversies out of court or the submission of them to the judgment of arbitrators who may be agreed upon by the parties * * *." (296 Ill. 240, 245.)

That decision established the legal validity of agreements to arbitrate existing disputes.

However, the same was not applied to arbitration agreements to settle future disputes. In *Cocalis v. Nazlides* (1923), 308 Ill. 152, 139 N.E. 95, suit was brought to recover liquidated damages for breach of an executory contract which called for arbitration of future disputes. The court denied recovery holding that "an agreement that any dispute that may arise under it shall be submitted to arbitration, by which the individual citizen renounces his right to resort to the courts provided by the constitution for the redress of grievances and the settlement of disputes, is void." 308 Ill. 152, 158.

In 1961, Illinois adopted the Uniform Arbitration Act (Ill. Rev. Stat. 1961, ch. 10, par. 101 *et seq.*) which repealed the prior Act. Section 1 of the Uniform Arbitration Act presently provides:

> "A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable * * *." (Ill. Rev. Stat. 1977, ch. 10, par. 101.)

This section grants legal validity and enforcement to arbitration agreements to settle future as well as existing disputes. *Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 93, 242 N.E.2d 149.

■■ The clause in the "Agreement" upon which the trial court's dismissal is based in the instant case provides in pertinent part:

> "In case any disagreement or difference shall arise among the parties hereto or any person claiming under them in relation to this agreement or arising thereunder, whether as to the construction or operation thereof, or the respective rights and liabilities

thereunder, such disagreement or difference shall be referred to an arbitrator * * *."

This section refers to future disputes arising under the "Agreement." Its viability depends on the applicable act. The present act specifically states that it is not retroactive and applies only to agreements made subsequent to its effective date of August 24, 1961. (Ill. Rev. Stat. 1977, ch. 10, par. 119.) The present act also provides that any agreements made prior to the 1961 date are governed by the Act as approved in 1917. (Ill. Rev. Stat. 1977, ch. 10, par. 123.) It is clear that the arbitration agreement made in 1949 to settle future disputes was unenforceable and void, and therefore the trial court's dismissal of the present case was erroneous.

## II.

Defendants Parker, Clephases, and LaSalle National Bank of Chicago have not argued before this court the validity of the arbitration agreement. Rather they rely on the proposition that, as appellees, they may defend a judgment on review by raising an issue not previously ruled upon by the trial court if the necessary factual basis for the determination of such point was contained in the record. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417.) The record on appeal contains only those pleadings and motions submitted by the parties.

In the trial court, defendant Parker filed a motion entitled "Motion to Strike and Dismiss Complaint, For Judgment and Other Relief" pursuant to section 45 of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 45.) The motion alleged that the complaint failed to state a cause of action against defendant Parker in that it did not allege a duty to sell her apartment to plaintiff or to sell it at all; that the complaint was indefinite, uncertain, conclusionary, contained immaterial matter, included misjoined parties, failed to include all necessary parties, and the attached exhibits were inconsistent with the allegations of the complaint. Defendant Parker asked for judgment on the pleadings, for dismissal of the complaint, and other appropriate relief.

Defendant LaSalle National Bank of Chicago filed a motion to dismiss on the grounds that it held title to the property in trust only and attached an affidavit stating that it had neither the power nor did it manage, control, operate, or possess the property.

Defendants Clephases did not file a motion to dismiss, but rather in their answer to the complaint alleged they were entitled to the right of purchase and prayed that the complaint be dismissed.

Defendant Parker's section 45 motion to dismiss presents an inquiry into whether the pleading is sufficient to state a cause of action. (*Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 406, 312

N.E.2d 605.) Such a motion attacks the legal sufficiency of the complaint, not the factual sufficiency. (*Cain v. American National Bank & Trust Co.* (1st Dist. 1975), 26 Ill. App. 3d 574, 586, 325 N.E.2d 799.) Section 45(1) states: "All objections to pleadings shall be raised by motion. The motion shall point out specifically the defects complained of, * * *." The purpose of this section is to give the complainant an opportunity to respond to the objection and to cure the defect in the trial court. (*Hild v. Avland Development Co.* (3d Dist. 1977), 46 Ill. App. 3d 173, 177, 360 N.E.2d 785.) Leave to amend should be granted unless it is apparent that even after amendment no cause of action can be stated. *People ex rel. Council 19 v. Egan* (1st Dist. 1977), 52 Ill. App. 3d 1042, 1045, 368 N.E.2d 481.

A motion to dismiss admits all facts well pleaded together with all reasonable inferences which could be drawn from those facts. (*Debolt v. Mutual of Omaha* (3d Dist. 1978), 56 Ill. App. 3d 111, 113, 371 N.E.2d 373.) However, it does not admit conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest. (*Pierce v. Carpentier* (1960), 20 Ill. 2d 526, 531, 169 N.E.2d 747.) The Civil Practice Act provides that pleadings be liberally construed with a view to doing substantial justice between the parties (Ill. Rev. Stat. 1977, ch. 110, par. 33(3)) and pleadings need only reasonably inform the opposite party of the nature of the claim or defense (Ill. Rev. Stat. 1977, ch. 110, par. 42(2)). A complaint should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proved under the pleadings which would entitle the plaintiff to relief. *Cain v. American National Bank & Trust Co.* (1st Dist. 1975), 26 Ill. App. 3d 574, 578, 325 N.E.2d 799.

Defendant Parker's motion also alleged that the complaint included misjoined parties and failed to include all necessary parties. A motion to add necessary parties or dismiss improperly joined parties may be made under section 45(1), but joinder problems are not grounds for dismissing the entire action or striking the complaint. The proper remedy for misjoinder or failure to join a necessary party is to dismiss as to the improper party or to order the missing party added. Ill. Rev. Stat. 1975, ch. 110, par. 26; see *Hitchcock v. Reynolds* (3d Dist. 1935), 278 Ill. App. 559, 563.

The motion submitted by LaSalle National Bank of Chicago did not cite any section of the Civil Practice Act and was merely labeled "Motion to Dismiss." However, from the matter alleged and the fact the motion was accompanied by affidavit, we assume this motion was made pursuant to section 48 of the Civil Practice Act. Section 48 provides a separate procedure for raising eight defects or defenses and other affirmative matter. Section 48(b) specifically provides that a motion to

dismiss may be filed where the defendant does not have the legal capacity to be sued. When such a defense does not appear on the face of the complaint, the statute requires that the motion be supported by affidavit. This is in contrast to section 45 motions where affidavits cannot properly be considered. (*Ingersoll v. Klein* (2d Dist. 1969), 106 Ill. App. 2d 330, 336, 245 N.E.2d 288, *aff'd* (1970), 46 Ill. 2d 42, 262 N.E.2d 593.) Whether the motion is filed under section 45 or section 48, it may be sustained where it points out particular defects which render the complaint insufficient. *Ingersoll v. Klein.*

The record indicates that notwithstanding such pleadings, the trial court dismissed the case on its own motion for plaintiff's failure to exhaust her remedies pursuant to an arbitration clause in the "Agreement." We have found that basis invalid. So far as we can determine from the record, the trial court actually did not test the legal sufficiency of the complaint, aside from the arbitration issue. Now without that issue it is appropriate for the trial court to determine the legal sufficiency question or if an amendment to the complaint might be appropriate.

Supreme Court Rule 366(a)(5) (Ill. Rev. Stat. 1977, ch. 110A, par. 366(a)(5)) provides this court with discretionary power to give any judgment or make any order including a remandment as the case may require. This rule recognizes the responsibility of a reviewing court for a just result. (*Hux v. Raben* (1967), 38 Ill. 2d 223, 225, 230 N.E.2d 831.) With this in mind, we remand this case to the trial court for further consideration of defendants' motions to dismiss and for such other proceedings as may be appropriate.

Judgment of the circuit court of Cook County is reversed and remanded with directions.

Reversed and remanded with directions.

STAMOS, P. J., and PERLIN, J., concur.